[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#172)
This matter is before the Court on the defendant, Arthur M. Field's, motion for summary judgment.
The plaintiff, Wendy Wirtz, filed her two count second amended complaint, dated December 4, 1992, in professional negligence and fraud, against the defendant, Arthur M. Field. The plaintiff alleges in her complaint that the defendant represented her in the purchase of real estate, in which the plaintiff, relying upon the opinion of the defendant, executed a note and mortgage, and, without her knowledge, signed a quit claim deed conveying the property back to the original owners, in violation of the terms of the mortgage. The plaintiff also alleges that the original owners were to remain in possession of the property and make the mortgage payments, and that the original owners defaulted on the payments, damaging the plaintiff.
The defendant filed a motion for summary judgment on February 9, 1996, on the ground that the plaintiff's claim is barred by the statute of limitations. The defendant previously filed a motion for summary judgment, dated November 10, 1992, on the same ground which was denied by the court, Leheny, J., on CT Page 4116 January 27, 1993. The plaintiff filed a memorandum in opposition on March 18, 1996.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.)Barrett v. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748
(1995). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., 230 Conn. 660, 665, 646 A.2d 143 (1994).
The defendant contends that the plaintiff's responses to his requests for admissions, and new authority require the reconsideration of his motion for summary judgment on the ground that the plaintiff's complaint is barred by the statute of limitations. The plaintiff argues that the defendant represented the plaintiff in connection with the transaction within the time permitted by the statute of limitations.
The statute of limitations in question is that found in General Statutes § 52-577, which provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." "Section 52-577
applies to any action in tort. The three year statute of limitations for tort claims applies in cases in which the plaintiff alleges legal malpractice. . . . Section 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." (Citation omitted.)S.M.S. Textile Mills, Inc. v. Brown. Jacobson, Tillinghast.CT Page 4117Lahan King, P.C., 32 Conn. App. 786, 790, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993).
The defendant argues that the court in S.M.S. TextileMills, Inc. held that there is no continuous representation theory in the context of legal malpractice. A reading of the case, however, indicates that court did not hold that the continuous representation rule was not applicable to legal malpractice, but rather, determined that the facts in that case did not show a continuing course of conduct. Id., 793.
The court in S.M.S. Textile Mills, Inc., citing Fichera v.Mine Hill Corp., 207 Conn. 204, 210, 541 A.2d 472 (1988), stated that "[w]here we have upheld a finding that a duty continued to exist after the cessation of the `act or omission' relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." (Internal quotation marks omitted.) Id., 793.
The defendant was served with process on June 1, 1992, and the acts or omissions complained of at the closing occurred on April 10, 1989. The defendant maintains that because the closing occurred more than three years before the suit was commenced the action is barred by § 52-577. The plaintiff attests that she called the defendant in August or September of 1990 regarding the transaction, and that the defendant returned the call and stated that, after reviewing the documents, the "mortgage was in order and proper and that I should not worry about it." The defendant attests that he has had no contact with the plaintiff since May 10, 1989. The defendant also argues that he relies on the plaintiff's responses to his request for admissions, yet in admissions #130 through #132, the plaintiff reiterates the facts previously attested.
It appears that there is a genuine issue of material fact as to whether the plaintiff and defendant engaged in two telephone conversations in August or September of 1990. If such conversations occurred they could constitute later wrongful conduct relating to the prior act. Furthermore, the issue has already been ruled upon by the court, Leheny, J. "Where a matter has been previously ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding CT Page 4118 circumstance." Id., 798. The court here, treats Judge Leheny's decision as the law of the case. Accordingly, the defendant's motion for summary judgment is denied.
THE COURT
MAIOCCO, J.